UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-60932-SMITH/VALLE

LUIS JOSE FIGUEROA
POLANCO,

      Plaintiff,

v.

IGOR & COMPANY, INC d/b/a
Premium Cars, OUT OF TIME
TOWING & RECOVERY INC.,
and LOBEL FINANCIAL
CORPORATION,

      Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon: (i) Plaintiff's Motion for Entry of Final Default

Judgment as to Defendant Out of Time Towing and Recovery, Inc. (ECF No. 30); (ii) Plaintiff's

Verified Motion for Award of Attorneys' Fees Against Defendant Out of Time Towing &

Recovery, Inc. (ECF No. 31); and (iii) Plaintiff's Verified Motion and Memorandum in Support

of Bill of Costs (ECF No. 32) (together, the "Motions").  United States District Judge Kathleen

Williams referred the Motions to the undersigned for appropriate disposition.[1]  (ECF No. 34); *see*

*also* 28 U.S.C. § 636.  The undersigned has reviewed the Motions, the record in the case, and is

otherwise fully advised.  For the reasons set forth below, the undersigned respectfully recommends

that the Motions be **GRANTED IN PART AND DENIED IN PART**.

---

[1] The case has since been reassigned to United States District Judge Rodney Smith, but the referral
of the Motions to the undersigned remains unchanged.  *See* (ECF No. 35).

## I.   BACKGROUND

This case involves Plaintiff's purchase of a used car on or about January 12, 2018. *See generally* (ECF No. 1). On April 24, 2018, Plaintiff filed this action against Defendants Igor & Company d/b/a Premium Cars ("Premium Cars"), Lobel Financial Corporation ("Lobel"), and Out of Time Towing and Recovery, Inc. ("Out of Time Towing"). *Id.*   As to Defendant Out of Time Towing, Plaintiff alleges that it illegally repossessed Plaintiff's car on behalf of the other Defendants. (ECF No. 1 at ¶ 81).

On June 5, 2018, Defendant Premium Cars (the car seller) filed its Answer and Affirmative Defenses. *See* (ECF No. 13). On July 30, 2018, Plaintiff and Defendant Lobel (the finance company) filed a Joint Stipulation for Final Order of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and the Court dismissed the case with prejudice solely as to Defendant Lobel. (ECF Nos. 18 and 19).

Thereafter, on August 1, 2018, Plaintiff filed an Affidavit of Diligent Search regarding Defendant Out of Time Towing (the "Affidavit"). *See generally* (ECF No. 21). According to the Affidavit, after various unsuccessful attempts to serve Defendant Out of Time Towing's registered agent, Plaintiff served Defendant Out of Time Towing via substitute service of process through the Secretary of State. *Id.* at 2-3. Plaintiff affirms that notice and acceptance of service by the Secretary of State was sent to Defendant Out of Time Towing on June 29, 2018, together with a copy of the Summons and Complaint via U.S. Postal Service  ("USPS") certified priority mail. (ECF Nos.  21 at 3 and 21-2 at 2). Subsequent information obtained from USPS confirms that notice was delivered to an individual at the address of Defendant Out of Time Towing's updated registered agent. *Id.* To date, however, Defendant Out of Time Towing has failed to answer or otherwise respond to the Complaint.

On August 2, 2018, Plaintiff filed a Motion for Entry of Judicial Default as to Defendant Out of Time Towing (the "Motion for Default").  (ECF No. 26).  On October 26, 2018, the District Judge granted Plaintiff's Motion for Default and ordered that the Clerk of Court enter a default against Out of Time Towing, which was entered on October 29, 2018.  (ECF Nos. 27 and 28). Thereafter, Plaintiff filed the instant Motions.  (ECF Nos. 30, 31, and 32).

## II.      LEGAL STANDARD FOR DEFAULT JUDGMENT

Plaintiff seeks a default judgment under Federal Rule of Civil Procedure 55.  (ECF No. 30 at 1).  Case law provides that a defendant who defaults, "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."  *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2]

A defaulting defendant, however, does not admit any facts that are pleaded insufficiently or that are mere conclusions of law.  *Transamerica Corp. v. Moniker Online Servs., LLC*, No. 09-60973-CIV, 2010 WL 1416979, at *1 (S.D. Fla. Apr. 7, 2010) (citing *Nishimatsu*, 515 F.2d at 1206); *see also Childs v. Commercial Recovery Sys., Inc.*, No. 13-CV-21923, 2014 WL 12860594, at *1 (S.D. Fla. Feb. 24, 2014).  Because a defendant admits only those facts that are well pled, the default itself does not create the basis for entry of final default judgment.  *Nishimatsu*, 515 F.2d at 1206.  Rather, a court must determine whether the factual allegations are well pled and present a sufficient basis for the judgment.  *Id.; see also Grant v. Washington Recovery Servs., LLC*, No. 13-62216-CIV, 2014 WL 11706459, at *2 (S.D. Fla. Jan. 29, 2014).  In other words, a motion for

---

[2] Pursuant to *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

default judgment "is not granted as a matter of right."  *Childs*, 2014 WL 12860594, at *1 (citing

*Patray v. Nw. Pub., Inc.*, 931 F. Supp. 865, 868 (S.D. Ga. 1996)).

Moreover,  "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.  Rather, the Court determines the amount and character of damages to be awarded."  *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-CV-1639-ORL-31KRS, 2008 WL 3540374, at *4 (M.D. Fla. Aug. 12, 2008); *see also Morsillo v. Progressive Fin. Servs., Inc.*, No. 18-60658-CIV, 2018 WL 2304747, at *1 (S.D. Fla. May 21, 2018) (noting that in issuing a default judgment, a court may award damages without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation when the  essential evidence is in the record).

### III.    DISCUSSION

#### A.    The Fair Debt Collection Practices Act

Plaintiff alleges claims against Defendant Out of Time Towing pursuant to 15 U.S.C §§ 1692-1692p, the Fair Debt Collection Practices Act (the "FDCPA").  (ECF No. 1 at ¶¶ 78-81, 87-91).  To prevail on an FDCPA claim, a plaintiff must demonstrate by a preponderance of the evidence that: "(1) he was the object of collection activity arising from consumer debt; (2) Defendant is a 'debt collector' as defined by the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA."  *Childs*, 2014 WL 12860594, at *2 (citing *Wise v. Cach*, No. 09-80972-CIV, 2010 WL 1257665, at *2 (S.D. Fla. Mar. 26, 2010)); *Brewer v. Edison, Patrick & Assocs., Inc.*, No. 11-22486-CIV, 2011 WL 5825425, at *1 (S.D. Fla. Nov. 17, 2011); *Dunham v. Lombardo, Davis & Goldman*, 830 F. Supp. 2d 1305, 1306-07 (S.D. Fla. 2011).  "Although a plaintiff generally does not need to include detailed allegations in the complaint, the plaintiff must assert more than just conclusory statements or a 'formulaic recitation of the elements of a cause of action.'"  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Further, the FDCPA defines the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5). Simply "parroting" the statutory definition of consumer debt in the complaint, however, is insufficient to state a claim for relief under the FDCPA.  *Childs*, 2014 WL 12860594, at *2; *Jenkins v. Santiago*, No. 3:11-CV-1082-J-34JBT, 2012 WL 3242354, at *1 (M.D. Fla. Aug. 8, 2012); *Brewer*, 2011 WL 5825425, at *2.

Here, in asserting FDCPA claims against Defendant Out of Time Towing, Plaintiff's Complaint alleges the following:

- Defendant [Out of Time Towing] is in the business of repossessing vehicles. (ECF No. 1 at ¶ 31).

- Although a repossession agency generally is not considered to be a "debt collector," 15 U.S.C. §1692(a) creates a limited exception where the "principal purpose" of the business is the enforcement of security interests and it violates 15 U.S.C. §1692f(6) by dispossessing an individual of property where "there is no present right to possession." *See Vantu v. Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015); *see also Montgomery v. Huntington Bank*, 346 F.3d 693, 700-01 (6th Cir. 2003) (holding that while "[a]n entity that enforces security interests (a repossession agency, for example) is generally not a 'debt collector'… in limited circumstances the FDCPA treats such an entity as a debt collector."). *Id.* at ¶ 32.

- Defendant [Out of Time Towing] is a "debt collector" as the term is defined in 15 U.S.C. §1692a(6), 15 U.S.C. §1692f(6) and Fla. Stat. §559.55(7). *Id.* at ¶ 34.

- The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes. In particular, on January 12, 2018, Plaintiff purchased a used 2009 Nissan Maxima-V6 Sedan with Vehicle Identification Number 1N4AA51E59C824683 from Defendant [Premium Cars] for personal, family, or household purposes . . . . To the best of Plaintiff's knowledge, information, and belief, the value of the property is $8,450.00.  *Id.* at ¶ 40.

- The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C. §1692a(5); Fla. Stat. §559.55(6).  Plaintiff is a "consumer" within the meaning of the FDCPA.  *Id.* at ¶¶ 41-42.

- Notwithstanding that no documents were due by the Plaintiff to the Defendant Car Dealership or Finance Company, Plaintiff in an abundance of good faith assurances gave assurances that he would deliver the paystubs to Defendant, Car Dealership. Despite these assurances, Defendants collectively repossessed Plaintiff's vehicle on or about January 18, 2018.  *Id.* ¶ 48.

- Despite Plaintiff not breaching any material term of the Contract, Plaintiff's Vehicle was repossessed without justification or legal entitlement on or about January 18, 2018. The repossession was not commercially reasonable.  *Id.* at ¶ 49.

- Repossession by a secured party without a Court Order is an inherently dangerous activity under law. The duty to act properly, in good faith, and lawfully is non-delegable by the Finance Company and the actions of the Finance Company are attributable to both the Repo Company and the Car Dealership. *Id.* ¶ 60.

- The FDCPA prohibits a debt collector from engaging in unfair or unconscionable means to collect or attempt to collect a debt, including taking any non-judicial action to effect dispossession or disablement of property when there is no present right to do so. 15 U.S.C. §1692f(6).  *Id.* ¶ 79.

- As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, loss of his vehicle, loss [or] diminution of value of the vehicle, loss of the value of vehicle converted, consequential damages of having to find alternate transportation, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, prejudgment interest, costs and attorney's fees. *Id.* ¶ 80.

- Defendant [Out of Time Towing] violated 15 U.S.C. §1692a(6) and 15 U.S.C. §1692f(6) of the FDCPA by:

  o  using an instrumentality of interstate commerce or the mails in the repossession business the principal purpose of which is the enforcement of security interests; and

  o  repossessing Plaintiff's vehicle when it had no lawful right to do so.  *Id.* ¶ 81.

6

By failing to defend against the Complaint, these allegations are deemed admitted by Defendant Out of Time Towing.  Accordingly, Plaintiff has adequately alleged claims for violations of the FDCPA.

**B.       The Florida Consumer Collections Practices Act**

Plaintiff also alleges that Defendant Out of Time Towing violated § 559.72(2) of Florida's Consumer Collections Practices Act (the "FCCPA").  (ECF No. 1 at ¶¶ 102-05).  The FCCPA was not intended to limit or restrict the FDCPA, but to compliment it.  *See* § 559.77(5), Fla. Stat.; *Smith v. Royal Oak Fin. Servs., Inc.*, No. 3:11-CV-543-J-34JRK, 2012 WL 3290153, at *3 (M.D. Fla. June 18, 2012) (noting that FCCPA is the state counterpart to the FDCPA).  Therefore, to prevail on an FCCPA claim, a plaintiff must demonstrate the same three elements needed for a cause of action under the FDCPA.  *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 836-37 (11th Cir. 2010) ("[t]o recover under both the FDCPA and the FCCPA (a Florida state analogue to the federal FDCPA), a plaintiff must make a threshold showing that the money being collected qualifies as a 'debt'"); *Smith*, 2012 WL 3290153, at *3.  Like the FDCPA, the FCCPA defines "debt" or "consumer debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." § 559.55(1), Fla. Stat. Unlike the FDCPA, however, "the FCCPA requires an [additional] allegation of knowledge or intent by the debt collector in order to state a cause of action." *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1363 (S.D. Fla. 2000).

Plaintiff identifies three FCCPA violations as against all Defendants.  *See*  (ECF No. 30 at 9).  Specifically, as to Defendant Out of Time Towing, Plaintiff  re-alleges and incorporates by

7

reference the allegations contained in connection with the FDCPA claim, *see* (ECF No. 1 at ¶ 111),

and further alleges as follows:

- Defendant [Out of Time Towing] repossessed Plaintiff's vehicle on or about January 18, 2019 without legal justification.  (ECF No. 1 at ¶ 113).

- Defendant [Out of Time Towing] violated Fla. Stat. §559.72(9) of the FCCPA by:

  o Claiming, attempting, and threatening to enforce a debt when the debt was not legitimate; and

  o Asserting the existence of some other legal right by repossessing the Plaintiff's vehicle when such person knows that the right does not exist. *Id.* at ¶ 115.

- As a result of Defendant's violations of the FCCPA, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, loss of his vehicle, loss [or] diminution of value of the vehicle, loss of the value of vehicle converted, consequential damages of having to find alternate transportation, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, prejudgment interest, costs and attorney's fees.  *Id.* at ¶ 114.

Because Defendant Out of Time Towing has failed to defend against the Complaint, the

allegations regarding the FCCPA claim are deemed admitted.   Accordingly, Plaintiff has

adequately set forth claims for violations of the FCCPA.[3]

### C.      Damages under FDCPA and FCCPA

With respect to damages under the FDCPA and FCCPA, Plaintiff's Complaint requests: (i)

actual damages; (ii) statutory damages; (iii) punitive damages; (iv) costs, disbursements and

reasonable attorney's fees; and (v) such other relief as may be just and proper.  (ECF No. 1 at ¶¶

---

[3] Count VI of Plaintiff's Complaint also alleges a claim against Defendant Out of Time Towing for "replevin."  (ECF No. 1 at ¶¶ 149-58).  Although Plaintiff includes "replevin" as another basis for relief, Plaintiff fails to provide any support for a default judgment on that count.  *See* (ECF No. 30 at 10).  In any event, because Plaintiff's Motions are granted on the FDCPA and FCCPA counts, it is unnecessary to reach Plaintiff's replevin argument.  Thus, the Motion for Default Judgment should be denied as moot on the replevin count.

81, 115). In the Motions, Plaintiff specifically requests $17,900 in statutory and actual damages, $19,320 in attorney's fees, and $500.92 in costs.[4] (ECF No. 30 at 13). For the reasons discussed below, Plaintiff is entitled to some, but not all, of these damages.

### 1. Statutory Damages

Both the FDCPA and FCCPA provide for actual and statutory damages (not to exceed $1,000) as the court may allow.[5] *See* 15 U.S.C § 1692k(a); Fla. Stat. § 559.77(2). Because Defendant Out of Time Towing's violations of the FDCPA and FCCPA are deemed admitted based on its failure to defend against the Complaint, the Court finds that Plaintiff is entitled to statutory damages. Specifically, Plaintiff should be awarded $1,000 in statutory damages as compensation for Defendant Out of Time Towing's violation of the FDCPA and FCCPA, for a total of $2,000 in statutory damages.[6] *See, e.g.*, *Grant*, 2014 WL 11706459, at *3 (granting $1,000 in total statutory damages for violations of the FDCPA and FCCPA); *Ugarte v. Sunset Const., Inc.*, No. 8:07-CV-735-T-23EAJ, 2008 WL 4723600, at *2 (M.D. Fla. Oct. 21, 2008) (awarding maximum amount of statutory damages under the FDCPA and FCCPA).

### 2. Actual and Punitive Damages

Plaintiff also summarily requests $15,900 in actual damages based on the vehicle's fair market value ($8,450) and an additional amount for loss of use of the car ($7,450). *See* (ECF No. 30 at 12-13). Before making such an award, however, the undersigned must ensure that there is

---

[4] Alternatively, Plaintiff requests a writ of replevin and an award of $9,450 (representing statutory damages and loss of the vehicle). (ECF No. 30 at 13). As discussed above, the undersigned recommends against a default judgment on the replevin count. Accordingly, the undersigned also recommends against any award of damages resulting from Count VI (replevin).

[5] The Acts also allow for recovery of costs and reasonable attorney's fees. *See* 15 U.S.C § 1692k(a)(3); Fla. Stat. § 559.77(2). Plaintiff's request for fees and costs is discussed below.

[6] The recommended amount of statutory damages is less than Plaintiff's alleged $3,500 down payment for the car allegedly repossessed by Defendant Out of Time Towing. (ECF No. 1 at ¶ 45).

a sufficient basis in the record to support the relief sought. *Morsillo*, 2018 WL 2304747, at *1. Here, however, Plaintiff has failed to provide any evidence to support the alleged actual damages. Accordingly, the undersigned recommends against an award for purported actual damages.

Similarly, the undersigned finds that the record does not support an award of punitive damages. Although Plaintiff generally requests punitive damages in his Complaint, Plaintiff's Motions lack evidence to support this request. Accordingly, Plaintiff should not be awarded punitive damages.

### 3. Plaintiff's Attorneys' Fees and Costs

Both the FDCPA and FCCPA provide for an award of costs and reasonable attorney's fees. *See* 15 U.S.C § 1692k(a); Fla. Stat. § 559.77(2); *see also In re Martinez*, 266 B.R. 523, 537 (Bankr. S.D. Fla. 2001), *judgment entered*, (Bankr. S.D. Fla. Aug. 22, 2001), *aff'd*, 271 B.R. 696 (S.D. Fla. 2001), *aff'd*, 311 F.3d 1272 (11th Cir. 2002) (noting that the FDCPA mandates an award of attorney's fees to fulfill Congressional intent that the statute should be enforced by debtors acting as private attorneys general). Here, Plaintiff seeks a total of $19,320 in attorney's using the lodestar analysis and adding a contingency fee multiplier for the FCCPA claim. (ECF Nos. 30 at 13 and 31 at 3). Plaintiff's fee request is based on work performed by attorneys Anthony Gonzalez and Gregory Light, both of whom have discounted their $550 hourly rate to $400. (ECF No. 31 at 2).

Plaintiff's request for $19,320 in fees is based on a total of 44.8 hours expended by counsel. (ECF No. 31-1 at 11). Of the total hours expended by counsel, 37.8 hours were allocated to Plaintiff's FDCPA claim, for which Plaintiff uses the lodestar method to calculate attorney's fees. *Id.* at 11. Counsel spent the other 7 hours on the FCCPA claim, for which Plaintiff requests a 1.5

contingency fee multiplier.  *Id.* at 12.  Without the contingency fee multiplier, Plaintiff's total attorney's fees would be reduced from $19,320 to $17,920.[7]

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services.  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay.  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299).  The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'"  *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."  *Id*. at 428.  When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut."  *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-24356-CV, 2013 WL 6238647, at *16-17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies).  Although courts may apply either method, they cannot apply both.  *Bivins*, 548 F.3d at 1351.  Finally, courts need not become "green-eyeshade accountants."  *Fox v. Vice*, 563

---

[7] The fees calculation is as follows:

FDCPA claim: 37.8 hours (28.98 hrs for attorney Gonzalez and 8.82 hrs for attorney Light) x $400/hr = $15,120.

FCCPA claim: 7 hours for attorney Gonzalez x $400/hr = $2,800.  Adding a 1.5 contingency fee multiplier, the FCCPA fees would be increased to $4,200 (1.5 x $2,800).  *See generally* (ECF No. 31-1 at 11-12).

U.S. 826, 838 (2011).  Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection."  *Id.*

### a. Reasonable Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)).  The relevant market is "the place where the case is filed."  *ACLU*, 168 F.3d at 427 (quotations and citations omitted).

Here, the relevant legal community is South Florida.  Plaintiff seeks an award for the services of attorneys Gonzalez and Light, both at $400 an hour.  Attorney Gonzalez is 2014 graduate of Florida Coastal School of Law and a member of the Florida Bar and the Bar of this District.  (ECF No. 31-2 at 1).  In 2017,  attorney Gonzalez opened the firm of Light & Gonzalez, PLLC with partner Gregory Light.  *Id.* at 2.  Attorney Light, in turn, is a 2015 graduate of St. Thomas School of Law and is also a member of the Florida Bar and the Bar of this District. (ECF No. 31-3 at 1).

In determining reasonable hourly rates in the relevant legal market, the undersigned may also consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases."  *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).[8]  The undersigned also "'may consider

---

[8] The *Johnson* factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the

[her] own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303).

The Court has considered the relevant *Johnson* factors, and has reviewed counsel's affidavit, the time records submitted by counsel, and the record in this case.  (ECF No. 31-5). Based on this review and the Court's own judgment and expertise, the Court finds that the $400 discounted hourly rate of attorneys Gonzalez and Light should be discounted further to reflect: (i)  the customary rates awarded in consumer protection cases in this District; and (ii) counsel's knowledge and level of experience.  In this regard, the undersigned notes that other courts in this District have awarded counsel $375 an hour in comparable consumer protection cases where the attorney had a similar experience level as the attorneys in this case.  *See, e.g.*, *Perez v. National Credit Adjusters, LLC*, No. 17-60324-CIV-Dimitrouleas/Snow, 2017 WL 7794613, at *2 (S.D. Fla. June 8, 2017), *report and recommendation adopted* (S.D. Fla. June 22, 2017).  Similarly, courts handling consumer protection cases in the Middle District of Florida generally have awarded counsel between $100 and $350 per hour for FDCPA and FCCPA cases where the issues are neither novel nor difficult and no exceptional skill or expertise is required.  *See, e.g.*, *Alston v. Summit Receivables*, No. 6:17-CV-1723-ORL-31DCI, 2018 WL 3448595, at *10 (M.D. Fla. June 27, 2018), *report and recommendation adopted*, 2018 WL 3436789 (M.D. Fla. July 17, 2018) (awarding counsel $300 an hour);  *Westlake v. Atl. Recovery Sols.*, *LLC*, No. 8:15-CV-1626-T-33TBM, 2016 WL 279439, at *3 (M.D. Fla. Jan. 22, 2016) (awarding counsel $250 an hour);

---

results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 562 n.7 (1986).

*Bauer v. Midland Credit Mgmt., Inc.*, No. 8:12-CV-614-T-23TGW, 2012 WL 6733649, at *4 (M.D. Fla. Dec. 4, 2012), *report and recommendation adopted*, 2012 WL 6733021 (M.D. Fla. Dec. 28, 2012) (awarding counsel $300 an hour).

Accordingly, based on the record in this case, which involves relatively straight-forward claims, a default judgment, no novel or difficult issues, and counsel with limited experience (approximately four to five years of practice), the undersigned recommends that counsels' hourly rate be reduced from $400 to $375.

### b. Reasonable Hours Expended

Having determined the reasonable hourly rates in this case, the undersigned next addresses the reasonableness of the number of hours expended by counsel.  As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (quotation marks and citations omitted).

Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU*, 168 F.3d at 428.  The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action.  *Id.* at 427, 432–33.  In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

The undersigned has reviewed counsel's billing records.  (ECF No. 31-5).  Plaintiff requests an award for a total of 44.8 hours expended by counsel.  (ECF Nos. 31 at 2-3 and  31-5 at 1).  Although Defendant has failed to appear and otherwise object to the Motions, the Court must

14

nonetheless ensure that counsel has exercised billing judgment in the request for fees. *ACLU*, 168 F.3d at 428. After a review of the records, the undersigned finds that the hours billed require adjustment.

Specifically, the billing records reflect that Plaintiff included time spent working on claims against Defendants Premium Cars (identified in the time records as "Igor") and Lobel, including settlement discussions with counsel for those Defendants. *See, e.g.*, (ECF No. 31-5) (time entries for 5/17/18, 5/18/18, 6/5/18, 6/22/18, 6/25/18, 7/19/18, 7/25/18, 7/26/18, 7/30/18, 8/3/18). These tasks are not related to Defendant Out of Time Towing and should not be charged against it.[9] Additionally, the billing records reflect that counsel spent more than seven hours drafting the Complaint and a similar amount of time drafting the instant Motions, which seems excessive for these straightforward court filings. *Id.* (including time entries for 4/10/18, 4/24/18, 11/9/18, 11/11/18). Some of the billing entries also reflect clerical work, such as scanning documents, mailings, printing, and e-filing. *Id.* (time entries for 2/28/18, 4/24/18, 4/25/18, 5/21/18).

Accordingly, the undersigned recommends that the number of hours be reduced. Rather than conducting an hour-by-hour analysis of counsels' time entries, the undersigned recommends an across-the-board 20% reduction to the total hours incurred to: (i) exclude tasks performed relating to Defendants other than Defendant Out of Time Towing; (ii) discount for excessive time incurred for certain tasks; and (iii) deduct for clerical tasks. *See, e.g., Ovalle v. Perez*, No. 16-CV-62134, 2017 WL 7792719, at *4 (S.D. Fla. Nov. 9, 2017) (recommending a 10% reduction for use of block billing, redacted time entries, and redundancy in efforts); *Shipping and Transit, LLC v. 1A Auto, Inc.*, No. 16-CV-81039, 2017 WL 5001445, at *11 (S.D. Fla. Sept. 26, 2017)

---

[9] Indeed, Plaintiff is still litigating its case against Defendant Premium Cars, who filed an Answer and Affirmative Defenses. (ECF No. 13).

15

(recommending a 15% reduction for billing inefficiencies); *Westlake,* 2016 WL 279439, at *4 (recommending a 75% reduction for excessive billing); *see also Bivin*s, 548 F.3d at 1350 (noting that when the number of hours claimed is unreasonably high, a court may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut); *Bauer*, 2012 WL 6733649, at *8 (recommending a 20% reduction for deficiencies in time records); *see also Bujanowski v. Kocontes*, No. 8:08-CV-0390-T-33EAJ, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009), *report and recommendation adopted in part*, 2009 WL 1564244 (M.D. Fla. May 1, 2009), *aff'd*, 359 F. App'x 112 (11th Cir. 2009) (noting that a court has broad discretion to determine the extent to which a reduction of fees is warranted due to block billing).

As noted above, Plaintiff also seeks a contingency fee multiplier under Florida law in connection with his FCCPA claim.  *See* (ECF No. 31-1 at 13-14) (referencing, among other cases, *Ottaviano v. Nautilus Insurance Company*, 717 F. Supp. 2d 1259 (M.D. Fla. 2010)  and *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1151 (Fla. 1985)).   As Plaintiff acknowledges, however, the application of a fee multiplier is discretionary. (ECF No. 31-1 at 13); *see also Ottaviano*, 717 F. Supp. 2d at 1272 (citation omitted).  Under the circumstances of this case, the undersigned is unpersuaded that a contingency fee multiplier would be appropriate. *Bauer*, 2012 WL 6733649, at *8 (declining to award fee multiplier for results obtained because there is a "strong presumption" that the lodestar reflects a reasonable statutory fee).

Accordingly, the undersigned recommends that Plaintiff be awarded fees based on 35.84 hours (44.8 hours reduced by 20%) at $375 per hour, without application of a contingency fee multiplier on the FCCPA claims.  Thus, Plaintiff should be awarded $13,440 in attorneys' fees.

### c. Costs

Plaintiff also seeks $500.92 in costs.  *See generally* (ECF No. 32).  Rule 54 provides that costs should be allowed to the prevailing party.  Fed. R. Civ. P. 54(d).  Moreover, absent

contractual or statutory authority, the particular items that may be taxed as costs are limited to those listed in 28 U.S.C. § 1920. In the instant Motions, Plaintiff seeks costs incurred in connection with the clerk and marshal, and amounts for printing and witnesses. 28 U.S.C. § 1920(1), (4); *see also* (ECF No. 32) (listing Plaintiff's costs).

The Court has discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, but the Court may not tax as costs anything not authorized by the statute. *See, e.g., Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987). Here, Plaintiff requests $400 for filing the initial Complaint. (ECF No. 32 at 3). This amount should be awarded.

Plaintiff also requests $48.75 for initial and substitute service on Defendant Out of Time Towing. *Id.* In relevant part, 28 U.S.C. § 1920(1) permits the court to award fees for private process fees, if these do not exceed the fees permitted by the statute. *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009). In this regard, the Court is guided by the statutory limits set forth in 28 C.F.R. § 0.114, which provides that fees charged by the United Sates Marshals Service for personal service of process are $65 per hour. 28 U.S.C. § 0.114(a)(3); s*ee also Monelus*, 609 F. Supp. 2d at 1333. Thus, Plaintiff should be awarded $48.75 for costs incurred relating to service on Defendant Out of Time Towing.

Lastly, Plaintiff requests $52.17 in costs associated with copies and disbursements for printing. (ECF No. 32 at 4). Plaintiff, however, has failed to provide a basis for this cost and/or any documentation supporting the necessity of copies. Accordingly, Plaintiff's request for an award of copying costs should be denied.

In sum, Plaintiff should be awarded $400 in clerk fees and $48.75 for costs related to service of process, for a total of $448.75 in costs.

## IV.   RECOMMENDATION

Accordingly, the undersigned respectfully **RECOMMENDS** that:

(i)      Plaintiff's Motion for Entry of Final Default Judgment (ECF No. 30) be **GRANTED**.  The Court should enter a default judgment against Defendant Out of Time Towing;

(ii)     Plaintiff's Verified Motion for Award of Attorneys' Fees (ECF No. 31) should be **GRANTED IN  PART AND DENIED IN PART**.  Plaintiff should be awarded $13,440 in attorney's fees; and

(iii)    Plaintiff's Verified Motion and Memorandum in Support of Bill of Costs (ECF No. 32) should be **GRANTED IN PART AND DENIED IN PART**.  Plaintiff should be awarded $448.75 in costs.

Within **fourteen** (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R.  3–1 (2019); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on July 31, 2019.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Rodney Smith
     All Counsel of Record

18