UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-60932-SMITH/VALLE

LUIS JOSE FIGUEROA POLANCO,

    Plaintiff,

v.

IGOR & COMPANY d/b/a
PREMIUM CARS,

    Defendant.
_____/

**ORDER DETERMINING AMOUNT OF SANCTIONS AWARD AND
RECOMMENDING THAT AMOUNT BE INCLUDED IN JUDGMENT**

THIS CAUSE comes before the Court upon a review of the record. For the reasons stated below and based on the procedural posture of this case, the undersigned recommends that the award of sanctions be included in the Court's consideration of any potential default judgment against Defendant Igor & Company.[1]

**BACKGROUND**

On April 9, 2020, the undersigned granted in part Plaintiff's Motion for Sanctions based on Defendant Igor & Company's failure to attend Court-ordered mediation.[2] *See* (ECF No. 54). On April 21, 2020, Plaintiff filed its Notice of Mediation Expenses, advising the Court of the fees and other costs incurred in connection with the failed mediation. (ECF

---

[1] On June 23, 2020, Plaintiff filed a Motion for Default Judgment that is pending before the District Judge. (ECF No. 68).

[2] Upon reconsideration, the Court limited sanctions solely as to Defendant, thus excluding defense counsel from the sanctions award. *See* (ECF No. 58).

No. 57) (the "Notice of Mediation Expenses"). Accordingly, the undersigned must now determine whether the amount requested in the Notice of Mediation Expenses is reasonable and should be awarded. Specifically, in the Notice of Mediation Expenses, Plaintiff seeks $8,656.86 in attorney's fees and costs; $210.37 for Plaintiff's lost wages and mileage; and $350 in Mediation costs. *See generally* (ECF Nos. 57 at 2, and 57-1 at 7). Counsel's fees are based on an attorney hourly rate of $375. (ECF No. 57-1 at 7).

## DISCUSSION

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id*. at 428. Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 837 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id*.

Further, "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The relevant market is "the place where the case is filed." *ACLU*, 168 F.3d at 427 (quotations and citation omitted). In determining reasonable hourly rates in the relevant legal market, the undersigned may also consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the

attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors"))[3].

Here, counsel asserts that he is the managing member of his firm and is a 2014 law school graduate from Florida Coastal School of Law. (ECF No. 57-1 at 2, 3). Counsel seeks fees at $375 an hour. (ECF No. 57-1 at 7). This Court, however, has recently found $350 to be a reasonable rate for plaintiff's counsel in a similar action as the instant case. *See Giniewicz v. UR Bath, LLC*, No. 19-61790-RS (S.D. Fla. Apr. 4, 2020) (ECF No. 19) (recommending $350 an hour for plaintiff's counsel with approximately nine years of experience in an FLSA case that resulted in default judgment). The record does not show an independent basis why counsel's hourly rate in this action should be any higher. Thus, counsel's hourly rate for purposes of sanctions against Defendant for failure to attend Court-ordered mediation is reduced to $350 an hour.

Accordingly, counsel's fees are reduced to $8,067.50, based on 23.05 hours x $350/hr. All other amounts, supportive billing records, and documentation in the Notice of Mediation Expenses are reasonable and should be awarded in full.

## **CONCLUSION**

For the reasons stated above, it is hereby **ORDERED AND ADJUDEGD** that Plaintiff is awarded the following as sanctions against Defendant Igor & Company for Defendant's

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

failure to attend mediation: $8,067.50 in attorney's fees (23.05 hours x $350/hr), $13.11 for counsel's mileage, $210.37 for Plaintiff's lost wages and mileage; and Mediation costs of $350.00, for a total sanctions award of **$8,640.98**. The sanction is to be paid by Defendant.

Further, the undersigned recommends to the District Court that this amount be included in the Court's consideration of Plaintiff's Motion for Default Judgment (ECF No. 68).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on July 31, 2020.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
All counsel of record