UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-60932-SMITH/VALLE

LUIS JOSE FIGUEROA
POLANCO,

      Plaintiff,

      v.

IGOR & COMPANY d/b/a
Premium Cars, OUT OF TIME
TOWING & RECOVERY INC.,
and LOBEL FINANCIAL
CORPORATION,

      Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff's Verified Motion for Award of Attorneys'

Fees (ECF No. 74) (the "Motion").[1]  Plaintiff was represented by attorneys Anthony Gonzalez and

Gregory Light, of Light & Gonzalez, PLLC, in connection with the default judgment entered in

favor of Plaintiff and against Defendant Igor & Company ("Defendant").[2]  *See generally*

(ECF Nos. 79, 80).  United States District Judge Rodney Smith has referred the Motion to the

---

[1] Due to an apparent technical error, the Court's electronic filing system failed to generate page numbers at the top of each page of the Motion.  Accordingly, citations in this Report and Recommendation to the Motion refer to the page numbers listed in the Adobe file reader linked to this Court's electronic filing database.

[2] Plaintiff stipulated to the dismissal with prejudice of its claims against Defendant Lobel Financial Corp.  (ECF No. 18).  Additionally, Plaintiff obtained a final default judgment against Defendant Out of Time Towing & Recovery, Inc.  (ECF No. 39).  That same day, the District Court awarded Plaintiff $13,440 in attorneys' fees against Defendant Out of Time Towing & Recovery, Inc.  (ECF No. 38).

undersigned for a Report and Recommendation. (ECF No. 46 at 2). Defendant has not responded to the Motion, and the time to do so has passed.

Accordingly, having reviewed the Motion, and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **GRANTED IN PART**. As discussed below, the undersigned recommends that Plaintiff be awarded a total of **$22,068.75** in fees. The undersigned also recommends that the Amended Final Default Judgment, *see* (ECF No. 80), be amended to reflect the awarded fees.

## I. <u>BACKGROUND</u>

In his Complaint, Plaintiff alleged violations of the Fair Debt Collection Practices Act (the "FDCPA"), the Florida Consumer Collection Practices Act (the "FCCPA"), conversion, and civil theft, among others. *See generally* (ECF No. 1). Defendant was served and defense counsel appeared on May 21, 2018. (ECF Nos. 5, 11). Almost two years later, on May 1, 2020, defense counsel filed a motion to withdraw. (ECF No. 63). The District Court granted the motion to withdraw and ordered Defendant to have new counsel file a notice of appearance by May 29, 2020. (ECF No. 64). The order further stated that if new counsel did not appear, Plaintiff may move for entry of a clerk's default. *Id.* New defense counsel did not appear and Plaintiff moved for entry of a clerk's default, which was granted. (ECF Nos. 65, 67).

On June 23, 2020, Plaintiff sought final default judgment on his FDCPA, FCCPA, conversion, and civil theft claims. (ECF No. 68). The District Court found that Plaintiff had established his FDCPA, FCCPA, and conversion claims, but not his claim for civil theft. (ECF No. 79 at 2). The District Court further found that Plaintiff was entitled to $1,000 in statutory damages under both the FDCPA and the FCCPA, $1,140.12 in actual damages, $8,640.98 in

sanctions for Defendant's failure to appear at the scheduled mediation, and $52.93 in costs.  (ECF Nos. 79 at 5, and 80).

In the instant Motion, Plaintiff seeks $49,814.54 in attorneys' fees for the hours expended on his FDCPA, FCCPA, and civil theft claims.[3]  (ECF No. 74 at 4).

## II.    DISCUSSION

### A.  Entitlement to Attorneys' Fees

Under the "American Rule," litigants generally are not entitled to an award of attorney's fees for prevailing in litigation unless provided by statute or contract.  *See, e.g.*, *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005).  Here, both the FDCPA and FCCPA provide for an award of reasonable attorney's fees.  *See* 15 U.S.C § 1692k(a); Fla. Stat. § 559.77(2); *see also In re Martinez*, 266 B.R. 523, 537 (Bankr. S.D. Fla. 2001), *judgment entered*, (Bankr. S.D. Fla. Aug. 22, 2001), *aff'd*, 271 B.R. 696 (S.D. Fla. 2001), *aff'd*, 311 F.3d 1272 (11th Cir. 2002) (noting that the FDCPA mandates an award of attorney's fees to fulfill Congressional intent that the statute should be enforced by debtors acting as private attorneys general).  While Florida's civil theft statute also provides for an award of reasonable attorney's fees, Plaintiff did not prevail on his civil theft claim.  *See* (ECF No. 79).  Accordingly, Plaintiff is not entitled to an award of attorney's fees for the hours expended prosecuting the civil theft claim.  Nonetheless, as the prevailing party by default judgment on his FDCPA and FCCPA claims, Plaintiff is entitled to an award of reasonable attorney's fees for hours expended on those claims.

---

[3] As the Motion was filed prior to the District Judge's ruling on Plaintiff's motion for final default judgment, Plaintiff incorrectly asserts throughout the Motion that he prevailed on his civil theft claim.  Because Plaintiff did not prevail on the civil theft claim, fees are not recoverable on this claim.

### B.  The Lodestar Method of Determining Reasonable Fees

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services.  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay.  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299).  The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'"  *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."  *Id.* at 428.  When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut."  *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *47 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies).  Although courts may apply either method, they cannot apply both.  *Bivins*, 548 F.3d at 1351.  Finally, courts need not become "green-eyeshade accountants."  *Fox v. Vice*, 563 U.S. 826, 837 (2011).  Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection."  *Id.*

### 1.      Reasonable Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Norman*,

836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)).  The relevant market is "the place where the case is filed."  *ACLU*, 168 F.3d at 427 (quotation marks and citation omitted).

Here, the relevant legal community is South Florida.  Plaintiff seeks an award for the services of attorneys Gonzalez and Light, each at $375 an hour.  (ECF No. 74 at 4).  Attorney Gonzalez is 2014 graduate of Florida Coastal School of Law and a member of the Florida Bar and the Bar of this District.  *Id.* at 40.  In 2017, attorney Gonzalez opened the firm of Light & Gonzalez, PLLC with partner Gregory Light.  *Id.* at 41.  Attorney Light, in turn, is a 2015 graduate of St. Thomas School of Law and is also a member of the Florida Bar and the Bar of this District.  *Id.* at 44.

In determining reasonable hourly rates in the relevant legal market, the undersigned may also consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases."  *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).[4]

The Court has considered the relevant *Johnson* factors, and has reviewed counsel's affidavits, and the record in this case.  The Court also notes that, in connection with Plaintiff's counsel's earlier motion for attorneys' fees against Defendant Out of Time Towing & Recovery Inc. (ECF No. 31), the undersigned found $375 to be a reasonable hourly rate in this case.  (ECF No. 36 at 13-14).  Accordingly, based on the above-described review and the Court's own

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

judgment and expertise, and for the reasons previously set forth in the undersigned's Report and Recommendation on Plaintiff's Verified Motion for Award of Attorneys' Fees Against Defendant Out of Time Towing & Recovery, Inc., *see* (ECF No. 36), the Court finds that $375 is a reasonable rate for Plaintiff's counsel.

### 2. Reasonable Hours Expended

Having determined the reasonable hourly rates, the undersigned next addresses the reasonableness of the hours expended by the attorneys working on the case. Generally, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman,* 836 F.2d at 1301 (quotations and citations omitted).

Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU*, 168 F.3d at 428. The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action. *Id.* at 427, 432-33. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

The undersigned has reviewed counsel's billing records. (ECF No. 74 at 57-71). Plaintiff requests an award for a total of 96.61 hours expended by counsel (90.54 by Gonzalez and 6.07 by Light). *Id.* at 10. Although Defendant has failed to object to the Motion, the Court must nonetheless ensure that counsel has exercised billing judgment in the request for fees. *ACLU*, 168

F.3d at 428.  After a review of the record, the undersigned finds that the hours billed require adjustment.

First, the Court will deduct the hours relating to the mediation that Defendant failed to attend because Plaintiff has already been awarded these fees as sanctions.  *See* (ECF Nos. 72 at 3 and 75 at 4) (awarding fees for 23.05 hours relating to mediation).  Next, because the Motion was filed before the District Court denied Plaintiff's motion for final default judgment with respect to Plaintiff's civil theft claim, the billing records include time spent working on this claim.  *See, e.g.*, (ECF No. 74 at 57-59, 66-69) (entries for 2/28/18, 4/10/18, 4/23/18, 4/24/18, 4/24/20, 6/5/20). Additionally, the billing records reflect that counsel spent more than seven hours drafting the Complaint and a similar amount of time drafting the instant Motion, which seems excessive for these straightforward court filings.  *Id.* (including entries for 4/10/18, 4/24/18, 6/9/20).  Lastly, some of the billing entries also reflect clerical work, such as scanning documents, mailings, printing, and e-filing, for which an attorney cannot properly bill.  *Id.* (entries for 2/28/18, 4/24/18, 4/25/20, 6/3/20).

Accordingly, the undersigned recommends that the number of hours be reduced.  After excluding the 23.05 hours relating to mediation, for which attorneys' fees have already been awarded, rather than conducting an hour-by-hour analysis of the remainder of counsel's time entries, the undersigned recommends an across-the-board 20% reduction to the total hours incurred to: (i) exclude tasks performed relating to Plaintiff's civil theft claim; (ii) discount for excessive time incurred for certain tasks; and (iii) deduct for clerical tasks.  *See, e.g., Ovalle v. Perez*, No. 16-CV-62134, 2017 WL 7792719, at * 4 (S.D. Fla. Nov. 9, 2017) (recommending a 10% reduction for use of block billing, redacted time entries, and redundancy in efforts); *Shipping and Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290 (S.D. Fla. 2017) (adopting recommendation for a 15%

reduction in fees based on billing inefficiencies); *Rubenstein v. The Florida Bar*, No. 14-CV-20786, 2015 WL 1470633, at *4-6 (S.D. Fla. Mar. 31, 2015) (recommending a 30% reduction to counsel's hours for use of block billing), *report and recommendation adopted*, 2015 WL 11216722, at *1 (S.D. Fla. Apr. 22, 2015); *see also Bivins*, 548 F.3d at 1350 (noting that when the number of hours claimed is unreasonably high, a court may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut).    Thus, counsel should be compensated for 58.85 total hours (96.61 hours reduced by 23.05 then further reduced by 20%).

### C.    Contingency Fee Multiplier

Plaintiff also seeks a 2.5 contingency fee multiplier under Florida law in connection with his FCCPA and civil theft claims.  *See* (ECF No. 74 at 10-13, 23-36).  As Plaintiff acknowledges, however, the application of a fee multiplier is discretionary.  *Id.* at 25 (quoting *Ottaviano v. Nautilus Insurance Company*, 717 F. Supp. 2d 1259 (M.D. Fla. 2010) (citation omitted)).  Indeed, the undersigned has already found, in connection with Plaintiff's motion for attorneys' fees against Defendant Out of Time Towing & Recovery, Inc., that a contingency fee multiplier is not appropriate under the circumstances of this case.  (ECF No. 36 at 16) (citing *Bauer v. Midland Credit Mgmt., Inc.*, No. 12-CV-614-T-23TGW, 2012 WL 6733649, at *8 (M.D. Fla. Dec. 4, 2012), *report and recommendation adopted*, 2012 WL 6733021 (M.D. Fla. Dec. 28, 2012) (declining to award fee multiplier for results obtained because there is a "strong presumption" that the lodestar reflects a reasonable statutory fee)).

Accordingly, the undersigned recommends that Plaintiff be awarded fees based on 58.85 hours at $375 per hour, without application of a contingency fee multiplier.  Thus, Plaintiff should be awarded $22,068.75 in attorneys' fees.

### III.   <u>RECOMMENDATION</u>

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Verified Motion for Award of Attorneys' Fees (ECF No. 74) be **GRANTED IN PART**. Plaintiff should be awarded a total of **$22,068.75** in attorneys' fees.  Additionally, the Amended Final Default Judgment at ECF No. 80 should be amended to reflect the award of these fees.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on January 3, 2022.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Rodney Smith
All Counsel of Record